UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUSLAN KIRILYUK,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CORE CIVIC, et. al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:20-cv-01253-APG-EJY<br><br>ORDER |

　　　On January 20, 2021, Magistrate Judge Youchah ordered plaintiff Ruslan Kirilyuk to file his updated address with this court within 30 days. ECF No. 7.  The 30-day period has now expired, and Kirilyuk has not filed his updated address or otherwise responded to the order.

　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Youchah's order requiring Kirilyuk to file his updated address within 30 days expressly cautioned him that if he failed to timely comply with this order this case would be dismissed without prejudice. ECF No. 7. Thus, Kirilyuk had adequate warning that dismissal would result from his noncompliance with the order.

I therefore order that this action is dismissed without prejudice based on Kirilyuk's failure to file an updated address in compliance with the January 20, 2021 order. If Kirilyuk wishes to pursue any of his claims, he must file a complaint in a <u>new</u> action.

I further order that the application to proceed *in forma pauperis* (ECF No. 6) is denied as moot.

I further order the Clerk of Court to enter judgment accordingly and close this case. No further documents shall be filed in this closed case.

DATED THIS 26th day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE